IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMERCIAL CONCEPTS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALON ENTERPRISES, LTD., a foreign entity; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DISMISSING COMPLAINT WITHOUT PREJUDICE, AND DENYING DEFENDANTS' REQUEST FOR ATTORNEY FEES<br><br><br>Case No. 2:06-CV-782 TS |

Six[1] of the eight named Defendants move to dismiss the Complaint on the following grounds: (1) improper venue due to a forum selection clauses in the parties' agreements; (2) lack of personal jurisdiction; (3) failure to plead fraud with particularity; and (4) statute of limitations.

---

[1] Talbiya B. Investments, Ltd., The Keshet Fund, L.P., Keshet L.P., Nesher, Ltd., Laurus Capital Management, L.L.C. and Laurus Master Fund, Ltd.

1

Plaintiff now concedes that its claims are subject to the forum selection clauses requiring Plaintiff to file its claims in the state of New York.[2]  However, neither party seeks to transfer venue.[3]

Defendants bring their Motion to Dismiss for improper venue under Fed. R. Civ. P. 12(b)(3).[4]  A mandatory forum selection clause "contain[s] clear language showing that jurisdiction is appropriate only in the designated forum."[5]  The Court has reviewed the clauses at issue in the present case and notes that they all use the same exclusive terms: "Any action . . .shall be brought only in the state courts of New York or in the federal courts located in the state of New York."[6]  The Court finds that the parties have contractually agreed to a mandatory forum selection clause limiting  venue to the state or federal courts in the state of New York.  Venue in this district is, therefore, improper.  Accordingly, the Court will dismiss the Complaint, without prejudice, for improper venue.

---

[2] Pl.'s Mem. at 2.

[3] *Compare* 28 U.S.C. §1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

[4] *See K & V. Scientific Co., Inc. v. Bayerische Motoren Werke*, 314 F.3d 494, 497 (10th Cir. 2002) ("A motion to dismiss based upon a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Rule 12(b)(3).").

[5] *Id*. at 498 (10th Cir. 2002) (quoting *Excell, Inc. v. Sterling Boiler & Mech. Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) and finding clause to be permissive).

[6] Complaint, Ex. A (Subscription Agreement at §13(e); Convertible Note at § 4.6 and Private Equity Line of Credit Agreement at §10.1).

In their motion, Defendants request an award of attorney fees under the attorney fees provisions of their Agreements.[7] They rely on the following language found in their agreements:

> Any action brought by either party against the other concerning the transactions contemplated by this Agreement shall be brought only in the state courts of New York or in the federal courts located in the state of New York. . . . The prevailing party shall be entitled to recover from the other party its reasonable attorneys fees and costs.[8]

Defendants acknowledge that this Court has previously denied a request for attorney fees under similar circumstances in an unpublished case.[9] However, they argue that an unpublished Tenth Circuit case, *Jim Cooley Construction, Inc. v. North American Construction Corp.*,[10] provides authority for such an award.

The Court finds the attorney fee provision at issue in *Jim Cooley Construction* is distinguishable and therefore that case is inapposite. The language at issue in *Jim Cooley Construction* specifically provided for award of fees for the enforcement of the individual terms of the agreement, including the forum selection clause:

> In the event it is necessary for any party to the . . . Agreement to employ an attorney for the enforcement of *any* terms this . . . Agreement, the non-prevailing party shall pay the prevailing party reasonable attorney's fees.[11]

---

[7] Docket No. 9, at 2 and Def.s.' Reply Mem. at 4.

[8] Complaint, Ex. A (Subscription Agreement at §13(e); Convertible Note at § 4.6 and Private Equity Line of Credit Agreement at §10.1).

[9] *Beneficial Holdings, Inc. v. CVS Pharmacy, Inc.*, 2006 WL 288424, No. 2:05-CV-439 TS Feb. 7, 2006).

[10] 1995 WL 3973 (10th Cir. 1995).

[11] *Id*. at *1 (italicized emphasis in original).

As a result of the above-quoted specific language regarding entitlement for enforcement of "any term" of the Agreement, the Tenth Circuit held it was error to fail to award fees where the party had prevailed on its enforcement of the specific venue selection term, although the merits of the case had not yet been resolved.[12]

In contrast, in the present case the Agreements do not provide for an award of fees incurred when a party employs an attorney to enforce *any* of the separate terms of the Agreement. Instead, the Agreements in the present case provide that fees are awardable to the prevailing party in any action "concerning the transactions contemplated by" the Agreements. Because the Court does not address the merits of the Complaint concerning the transactions contemplated by their Agreements, it would be premature to determine "prevailing party" status under the attorney fees clause. It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 9) is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE for improper venue. It is further

ORDERED that Defendants' Request for Attorneys fees is DENIED without prejudice.

DATED December 29, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12]*Id.* at 2.